■ FRANK CASSANO et al., Appellants, v. MERRIEWOLD CLUB INCORPORATED, Respondent.— GIBSON, P. J. Appeal by plaintiffs from so much of a judgment of the Supreme Court entered upon a decision in an action for a declaratory judgment as adjudged (1) that plaintiffs have no right to erect or maintain utility poles and wires upon and over any of the roads of Merriewold Park for the purpose of obtaining electric service from the public utility which furnishes service at the park entrance, from which point the defendant club, a membership corporation of which plaintiffs are not members, furnishes service over its poles and wires to the houses of its members, and (2) that defendant is under no duty to furnish electrical service to plaintiffs. The rights of the parties vis-a-vis the public utility concerned were before us in an article 78 proceeding in which this defendant was petitioner and these plaintiffs were intervenors. (*Matter of Merriewold Club* v. *Public Serv. Comm.*, 10 A D 2d 521, affd. 9 N Y 2d 981.) We have concluded that plaintiffs possess an implied easement to erect and maintain poles and wires upon and over the defendant's roads to conduct electricity to their premises. In *Jacobson* v. *Luzon Lbr. Co.* (192 Misc. 183, per BERGAN, J., affd. 276 App. Div. 787, affd. 300 N. Y. 697) the general rule was stated (pp. 184–185) as being "'that when the owner of land sells a part thereof he impliedly grants to the grantee all those apparent and visible easements which are necessary for the reasonable use of the property granted and which are at the time of the grant used by the owner of the entirety for the benefit of the part granted'" (quoting *Paine* v. *Chandler*, 134 N. Y. 385, 387) and Justice BERGAN then stated "that the elements of the New York rule on implied easements are these: 1. The estates presently resting in the hands of different owners must formerly have been in unitary ownership; 2. While so formerly held in one estate, a use must have been created by the owner either in which one part of the land was subordinated (made 'subservient') to another; or such a use made of the two parts as to create a reciprocal subordination; 3. The use made must be plainly and physically apparent on reasonable inspection; 4. It must affect the value of the estate benefited and must be necessary to the reasonable use of such estate" (pp. 185–186). Plaintiffs' premises and the roads and other lands now owned by defendant were in unitary ownership when in 1924 the common owner conveyed plaintiffs' present premises to plaintiffs' predecessor in title. In 1927, certain substantial and stringent restrictions imposed upon the conveyed parcel by the 1924 deed were released by defendant's predecessor in title. Defendant's amended answer admits the allegations of paragraph "Ninth" of the complaint that at the dates of both the 1924 and the 1927 conveyances "there existed electrical lines running from the aforesaid premises [conveyed to plaintiffs' predecessor in title] to electrical poles and submetering devices owned and operated by the defendant and its predecessor." It is reasonably clear from the record that the term "submetering devices" identifies the source of the electric service as from a master meter through which electricity from the utility was delivered and not from the generator previously operated by the predecessor club itself. There was testimony by the defendant club's president that he was "quite certain" that the electrical installation was "sometime in that period" before 1927. He testified unequivocally that the conveyance to plaintiffs "was at a time when we had electricity in the park and that electric power was sold through a meter to the various people who had homes in the park, including Mrs. George", who was plaintiffs' grantor, and that the club continued service to plaintiffs, although they were not members of the club, for some time (found by the trial court to have been nine years) and until the club was advised of the tariff which was at issue in the previous *Merriewold* case (10 A D 2d 521, affd. 9 N Y 2d 981,

*supra*). In this state of the pleadings and of the proof, we need not determine whether there remained, until the 1927 release, sufficient elements of ownership in defendant's predecessor to establish an easement by implication upon the 1927 conveyance, if such an easement had not previously been imposed. (See Real Property Law, § 290, subd. 3; 2 Powell, Real Property, § 270, p. 447, § 272, pp. 452–453.) The trial court correctly determined that defendant is under no obligation to furnish electrical service to plaintiffs. Judgment modified, on the law and the facts, so as to declare the existence of an easement and otherwise in accordance with this memorandum decision, and, as so modified, affirmed, with costs to appellants. Settle order. Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.